IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ERVIN J LEWIS,

    Petitioner,

v.                                                               CASE NO. 4:14-cv-80-WS-GRJ

SECRETARY DEPARTMENT OF
CORRECTIONS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging a 2009 Leon County conviction for robbery, aggravated assault with a deadly weapon, felony battery, and felony petty theft. (Doc. 1.) Petitioner raises four grounds for federal habeas review: (1) ineffective assistance of counsel, because counsel "withheld information about possible 'Burger' violations for multiple prosecutions stemming from the same criminal episode," (2) ineffective assistance of counsel, because counsel did not "fully explain [] what consecutive terms meant," (3) violation of due process because the postconviction court did not put aside the 2 year time limitation to file a Rule 3.850 motion, and (4) violation of due process because neither the trial court nor counsel advised Petitioner of the right to appeal. (Doc. 1 at 4-5.)

Now pending before the Court is Respondent's motion to dismiss the Petition as time-barred, or alternatively, dismiss all grounds as procedurally barred. (Doc. 14.) Petitioner filed his response on September 15, 2014, Doc. 20, and the motion to

dismiss is now ripe for consideration. Upon due consideration of the motion to dismiss and the state-court record, the Court recommends that the motion to dismiss be granted.[1]

## Discussion

A. **Petitioner's Writ of Habeas Corpus is barred by the one-year limitations period of AEDPA**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year period for a prisoner to seek federal habeas corpus review of his conviction. 28 U.S.C. § 2244(d). The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances." 28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

Petitioner pled *nolo contendre* to charges of armed robbery with a deadly weapon, aggravated assault with a deadly weapon, felony battery, and cannabis possession. (Doc. 14-1 at 19.) He was sentenced on May 13, 2009 to fifteen years imprisonment for the charge of armed robbery, with an additional five years imprisonment for each of the charges of aggravated assault with a deadly weapon and

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

*Case No: 4:14-cv-80-WS-GRJ*

felony battery. (Doc. 14-1 at 19-28.) The three sentences ran consecutively. *Id.* Petitioner did not take a direct appeal from his conviction. (Doc. 14-1 at 3-10.)

On April 9, 2013, Petitioner filed a "Postconviction Motion to[] Vacate Plea Agreement" pursuant to Fla. R. Crim. Pro. Rule 3.850. (Doc. 14-1 at 34-39.) The trial court denied the motion as untimely. (Doc. 14-1 at 40.) The First DCA affirmed and issued its mandate on October 23, 2013. (Doc. 14-1 at 57-58.) Petitioner filed a state habeas petition on November 24, 2013. (Doc. 14-1 at 60-67.) The First DCA dismissed the petition on January 8, 2014 without issuing a mandate. (Doc. 14-1 at 69.) Petitioner filed the instant petition on February 18, 2014. (Doc. 1.)

The one-year limitations period of AEDPA begins on the date that the Petitioner's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). In this case, Petitioner did not appeal his conviction. Thus, his judgment and sentence became final thirty days after they were rendered on June 12, 2009, at the expiration of his chance to appeal. Fla. R. App. P. 9.140(b)(3). The limitations period started the next day, June 13, 2009, and ran until it expired on June 13, 2010, without any tolling.

Although Petitioner filed a Rule 3.850 motion, he did not file the motion until April 9, 2013, *after* the AEDPA limitations period had expired. The state court motion cannot toll the limitations period when it has already expired, nor can it revive the limitations period. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003). Because the limitations period had run, Petitioner's filing of the Rule 3.850 motion in state court did

nothing to prevent the untimeliness of his current petition.[2]

The petition is therefore untimely unless Petitioner is entitled to equitable tolling of AEDPA's statute of limitations.  To that end, Petitioner makes no claim that he is entitled to equitable tolling.  Furthermore, nothing in the record indicates that Petitioner should be given the benefit of the extraordinary remedy of equitable tolling.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 412-13 (2005)(stating that only extraordinary circumstances justify the remedy of equitable tolling); *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011)("[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.").  Petitioner has not put forth any circumstances that would suggest that the limitations period for filing a writ of habeas corpus should be tolled until February 18, 2014, and, therefore, he is not entitled to equitable tolling.

**B.    Petitioner's four grounds for relief are either procedurally defaulted or without merit.**

Respondent argues that alternatively, if the entire petition is not barred as untimely, the petition should be dismissed because all of the grounds are not exhausted and are therefore procedurally barred. (Doc. 14 at 1.)  When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted

---

[2] Respondent also analyzes the timeliness of each ground for relief separately, under *Zack v. Turner*, 704 F.3d 917, 926 (11 th Cir. 2013).  However, this is not a "multiple trigger date case" in which a claim-by-claim analysis is required. Petitioner would have discovered his right to appeal when he signed the plea agreement, which notified him that he was giving up that right. (Doc. 14-1 at 52-53.) Thus, an analysis of the petition as a whole is sufficient.

claim would now be procedurally barred under state law, the claim is procedurally defaulted. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999). Federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to properly present the claim and actual prejudice from the default, or (2) that a fundamental miscarriage of justice would result if the claim were not considered. *Id*. at 1302, 1306.

Petitioner did not present Grounds 1 and 2 to the state courts because his Rule 3.850 motion was dismissed as untimely and affirmed by the First DCA. Therefore, these claims are procedurally barred.

Petitioner's Ground 3 – that the two year deadline for filing a Rule 3.850 motion should not apply – is a matter of state law that is not a basis for federal habeas relief, and is also barred. *See Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991).

Finally, Petitioner's Ground 4 has two components: (1) the court did not inform him of the right to appeal and (2) his counsel did not inform him of his right to appeal. Part 1 of Ground 4 is clearly without merit – Petitioner was notified of the right to appeal in his plea agreement. (Doc. 14-1 at 52-53.) Part 2 of Ground 4 was not presented to the state courts for review in a timely manner and is procedurally defaulted, like Grounds 1 and 2. Furthermore, Petitioner does not put forth any reasons for his failure to properly present the claim or suggest that a fundamental miscarriage of justice would result if the procedurally barred grounds were not considered.

In light of the foregoing, it is respectfully **RECOMMENDED** that the Motion to Dismiss Habeas Petition, Doc. 14, should be **GRANTED** and the petition for writ of

habeas corpus, Doc. 1, should be **DISMISSED**.

**IN CHAMBERS** at Gainesville, Florida this 17th day of October 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.